

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 31, 1972

Honorable Homer A. Davis
County Attorney
P. O. Box 1110
316 Denrock Avenue
Dalhart, Texas   79022

Opinion No. M-1184

Re: Whether one who was convicted
of a felony, given a suspended
sentence, and had the cause
against him later dismissed
is eligible to be certified
as a political party nominee
in a general election, pursuant
to Article 780 of the 1925
Texas Code of Criminal Proce-
dure.

Dear Mr. Davis:

Your letter requesting the opinion of this office con-
cerning the referenced matter states, in part, as follows:

"We have a candidate for County Commissioner,
a Mr. Malcolm Bryant, who has previously been con-
victed of a felony.

"I have enclosed herewith, for your considera-
tion, the Judgment Plea of Guilty Before Court,
dated June 9, 1961; Sentence Suspended, dated June
9, 1961; Recognizance on Suspension of Sentence;
Motion for New Trial and Dismissal of the Cause,
dated April 14, 1964; together with the Order Grant-
ing New Trial and Dismissing Cause, dated April 14,
1964, and ask that you please return them to me.

"The Election Code provides that, at the
General Election, the Judge of the County Court
shall certify those elected officers that are eli-
gible to serve.  My question is, assuming that Mr.
Malcolm Bryant should be elected County Commissioner,
would he be qualified to serve? . . . ."

Section 1 of Article VI of the Constitution of Texas
reads as follows:

"The following classes of persons shall not
be allowed to vote in this State, to wit:

-5777-

"First:   Persons under twenty-one (21) years
of age.
"Second:  Idiots and lunatics.
"Third:  All paupers supported by any county.
"Fourth:  <u>All persons convicted of any felony,
subject to such exceptions as the Legislature
may make.</u>"   (Emphasis added.)

Section 2 of Article XVI of the Constitution of Texas
reads, in pertinent part, as follows:

"Laws shall be made to exclude from office,
serving on juries, and from the right of suffrage,
those who may have been or shall hereafter be con-
victed of bribery, perjury, forgery, or other high
crimes. . . ."

Article 1.05, Texas Election Code, provides that:

"No person shall be eligible to be a candidate
for, or to be elected or appointed to, any public
office in this state unless he is a citizen of the
United States eligible to hold such office under
the Constitution and laws of this state and is under
none of the disabilities for voting which are stated
in Article VI, Section 1 of the Constitution of Texas
. . . ."

Article 5.01, Texas Election Code, provides that:

"The following classes of persons shall not be
allowed to vote in this state:

". . . .

"4.  All persons convicted of any felony except
those restored to full citizenship and right of
suffrage or pardoned."

The materials submitted with your letter conclusively
show that the individual involved in your request was convicted
of the offense of assault with intent to rape, a felony.  The
materials also show that he was given a two year suspended
sentence, as allowed by Article 780 of the 1925 Code of Criminal
Procedure.  After fully serving his sentence, this individual
then moved for a new trial and obtained an order dismissing the
charge against him, as also provided for in Article 780.

Former Article 780 (now codified as Section 7 of Article 42.12 of the 1965 Texas Code of Criminal Procedure) provided as follows:

"In any case of suspended sentence, at any time after the expiration of the time assessed as punishment by the jury, the defendant may make his written sworn motion for a new trial and dismissal of such case, stating therein that since such former trial and conviction he has not been convicted of any felony, which motion shall be heard by the court during the first term time after same is filed. If it appears to the court, upon such hearing, that the defendant has not been convicted of any other felony, the court shall enter an order reciting the fact, and shall grant the defendant a new trial and shall then dismiss said cause. After the setting aside and dismissal of any judgment of conviction as herein provided for, the fact of such conviction shall not be shown or inquired into for any purpose except in cases where the defendant has been again indicted for a felony and invokes the benefit of this law." (Emphasis added.)

It is apposite to note that Section 7 of Article 42.12, Texas Code of Criminal Procedure, the successor to Article 780, provides that a defendant "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty."

We now turn to the question of whether the underscored portion of Article 780, supra, constitutes an exception to the prohibition of Section 1 of Article VI of the Constitution of Texas.

It is axiomatic that constitutional and statutory provisions which restrict the right to hold public office should be strictly construed against ineligibility. Hall v. Baum, 452 S.W.2d 699, 702 (Tex.Sup. 1970); Willis v. Potts, 377 S.W.2d 622, 623 (Tex.Sup. 1964).

Attorney General's Opinion No. O-2698 (1940) held that a person who had been convicted of burglary, and was given a two-year suspended sentence, could not hold the office of justice of the peace. However, at the time the individual in that Opinion sought elective office, his suspended sentence was still in force and effect; such is not the case with the individual involved in

the instant request.   See, also, Attorney General's Opinion No. O-4121 (1941).

Attorney General's Opinion No. V-278 (1947) held that an individual was ineligible to serve as a school district trustee after he had been convicted of a felony and served his sentence, but had not had the disabilities attendant to his conviction re- moved.

Attorney General's Opinion No. M-640 (1970) construed Section 7 of Article 42.12 and held that when a court dismissed the charge against a person who had successfully completed his probated sentence such person was thereby released from all civil penalties and disabilities incurred by his conviction.  Said Opinion also specifically held that such a person might serve on a jury and vote, but made no mention of the question of holding office.

Attorney General's Opinion No. M-795 (1971) held that once the indictment against a defendant was dismissed, pursuant to Section 7 of Article 42.12, a voter registration certificate could be issued to him.

In view of the foregoing, we hold that the Legislature, in enacting Article 780 of the 1925 Code of Criminal Procedure, and Section 7 of Article 42.12 of the 1965 Code of Criminal Procedure, established a constitutionally sanctioned exception to the proscription of a convicted felon's holding office as pro- vided for in Section 1 of Article VI of the Constitution of Texas.

The facts related in your letter clearly show that the felony charge against the individual in question has been dropped, pursuant to Article 780, and that his suspended sentence is no longer in force.

You are therefore advised that the county judge may legally certify Mr. Malcolm Bryant as a candidate for county commissioner in the general election to be held on November 7, 1972.

### S U M M A R Y

Article 780 of the 1925 Code of Criminal Pro- cedure and Section 7 of Article 42.12 of the 1965 Texas Code of Criminal Procedure established a proce- dure whereby the disabilities attendant to a felony

conviction may later be removed.  Pursuant to
said statutes, one convicted of a felony may later
have his rights of citizenship restored.  Once
these rights are restored, the person is eligible
to hold office.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Roger Tyler
Jay Floyd
Gordon Cass
John Banks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant